IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**WILLIAM V. AND MARGARET L. SMITH,** *et al.*                                    **PLAINTIFFS**

VS.                                              4:12-CV-00423-BRW

**SOUTHWESTERN ENERGY COMPANY**                                              **DEFENDANT**

## ORDER

Pending is Southwestern Energy Company's Motion to Dismiss Third Amended Complaint for Lack of Subject-Matter Jurisdiction and to Stay all Discovery (Doc. No. 77). Plaintiffs have responded.[1] A hearing on the Motion was held on April 25, 2013. I have reviewed the parties' pleadings, and have considered their oral arguments, exhibits, and objections. For the reasons set out below, the Motion is GRANTED.

**I.    PROCEDURAL BACKGROUND**

This suit began with William and Margaret Smith suing Southwestern.[2] The Smiths alleged various state tort claims against Southwestern -- the alleged operator of the Puma North Compressor Station. Plaintiffs amended their Complaint by adding 15 plaintiffs (some with claims that were based on Southwestern's alleged operation of another compressor station -- the Scotland CPF II).[3] Southwestern moved to dismiss the Scotland-claims under Federal Rule of

---

[1]Doc. No. 81.

[2]Doc. No. 1.

[3]Doc. No. 9.

1

Civil Procedure 21.[4]  Based on Southwestern's Motion, I removed Plaintiffs with claims relating to the Scotland Compressor Station from this case.[5]

Plaintiffs amended their Complaint a second time by adding several contract-related causes of action against Southwestern.[6]  These causes of action alleged that Southwestern breached the terms of oil and gas leases it entered with Plaintiffs by making improper royalty calculations and payments.

Southwestern sought to dismiss those claims under Federal Rules of Civil Procedure 12(b)(6) and 21.[7]  Southwestern's primary contention was that Plaintiffs leased their oil and gas rights to SEECO, Inc., not Southwestern; and therefore, SEECO was the proper party to defend the royalty-based claims.[8]  Because Southwestern's position contradicted its earlier statements, I allowed Plaintiffs to amend their Complaint.[9]

Before Plaintiffs did so, however, SEECO filed a Motion to Intervene under Federal Rule of Civil Procedure 24(a)(2) -- claiming that it had a right to intervene because of its unprotected interest in the subject matter of the case.[10]  Specifically, SEECO argued that, as the sole owner of

---

[4]Doc. Nos. 10, 11.

[5]Doc. No. 17.

[6]Doc. No. 30.

[7]Doc. Nos. 32 and 33.

[8]Doc. Nos. 33 and 34.

[9]Doc. No. 46.

[10]Doc. No. 47.

Plaintiffs' oil-and-gas leases, and the lessee responsible for making the royalty payments, it was a necessary party to this case.[11]

While SEECO's Motion was pending, Southwestern filed a Motion to Dismiss for Lack of Subject-Matter Jurisdiction and to Stay All Discovery.[12]  I denied the Motion to Stay Discovery but declined to address the issue of subject-matter jurisdiction until Plaintiffs filed their Amended Complaint.[13]

The Third Amended Complaint only names Southwestern as Defendant.[14]  It states that subject-matter jurisdiction is proper based on diversity of citizenship, and alleges claims for unjust enrichment, strict liability, nuisance, trespass, and negligence.  Southwestern, however, still contends that subject-matter jurisdiction is lacking.[15]

### III.  DISCUSSION

#### A.  Diversity Jurisdiction

Title 28 U.S.C. § 1332 permits a district court to hear claims brought under state law if the parties are of diverse citizenship and the amount-in-controversy requirement is satisfied.[16]  To determine whether the parties are of diverse citizenship, I look to the citizenship of the named

---

[11] Doc. No. 48.  Also, SEECO filed a reply to Plaintiffs' response to SEECO's Motion to Intervene in which it also moved to dismiss the royalty-based claims for lack of subject-matter jurisdiction.  SEECO claims that it is a necessary party to the action and because it is nondiverse, diversity jurisdiction is destroyed and the case must be dismissed.  Doc. No. 61.

[12] Doc. No. 70.

[13] Doc. No. 72.

[14] Doc. No. 74.

[15] Doc. No. 77.  In light of the new amendments to the Amended Complaint, I allowed Southwestern and SEECO to supplement their Motions to Dismiss before ruling.  See Doc. Nos. 76 through 79.

[16] 28 U.S.C. § 1332(a).

parties and that of any indispensable party who must be joined under Federal Rule of Civil Procedure 19.[17]

The burden of establishing that a case lies within the limited subject-matter jurisdiction of a federal district court is on the party asserting it.[18] Subject-matter jurisdiction must be present -- the parties may not consent to, or waive, jurisdiction.[19]

It is undisputed that the named parties are completely diverse and the amount-in-controversy requirement is met.[20] Plaintiffs are citizens of the State of Arkansas, and Southwestern is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Texas.

Here, the dispute regarding diversity centers entirely on the status of SEECO (an Arkansas corporation) and DeSoto Gathering Company, LLC (an Arkansas LLC). Southwestern argues that the case should be dismissed for two reasons. First, it argues that Plaintiffs' claims are really against SEECO and DeSoto Gathering -- and therefore, Plaintiffs failed to join necessary parties by suing Southwestern. And, because the subsidiaries are nondiverse and their joinder destroys diversity, the case must be dismissed. Second, Southwestern argues that Plaintiffs' cannot assert an alter-ego theory -- that SEECO and DeSoto Gathering are merely alter egos of Southwestern and the three entities should be considered as one for diversity purposes --

---

[17]*BancorpSouth Bank v. Hazelwood Logistics Center, LLC*, 706 F.3d 888, 894-95 (8th Cir. 2013) (quoting *Northport Health Servs. of Ark., LLC v. Rutherford*, 605 F.3d 483, 486 (8th Cir. 2010) ("[D]iversity of citizenship is determined by reference to the parties named in the proceeding before the district court, as well as any indispensable parties who must be joined pursuant to Rule 19."); see also *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 93 (2005).

[18]*Hastings v. Wilson*, 516 F.3d 1055, 1058 (8th Cir. 2008).

[19]*Arkansas Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009).

[20]Doc. Nos. 74, 78.

to establish diversity jurisdiction. Southwestern contends that, even if this theory is accepted, diversity is still lacking because Southwestern would then have the same citizenship as Plaintiffs by virtue of the citizenship acquired from its subsidiaries.[21]

In response, Plaintiffs declare that "Southwestern mischaracterizes Plaintiffs' claims as based on Piercing of the corporate veil and/or alter ego."[22] Plaintiffs' Response to Southwestern's Motion reads:

> Plaintiffs do **NOT** seek to "pierce the corporate veil" and/or apply the alter ego doctrine. Plaintiffs allege, and are confident the facts support, their allegation that Southwestern, not any other entity, including but not limited to Southwestern's subsidiaries, cause Plaintiffs' injuries.[23]

The allegations in Plaintiffs' Third Amended Complaint appear to state otherwise. It's difficult to construe Plaintiffs' positions as consistent. Juxtapose Plaintiffs' statement from above alongside the following ones from their Amended Complaint:

> Southwestern Energy Company is the parent company of its <u>alter ego</u> subsidiaries DeSoto Gathering Company, SEECO and Midstream Services Company and at all times relevant hereto, Southwestern Energy Company, was and continues to be engaged in the operation of *Compressor Stations* in and about the State of Arkansas.
> . . . .
>
> As described herein, the Defendant Southwestern Energy is the entity which is responsible for the activities complained of herein. Those activities are carried out by the Defendant Southwestern Energy individually and through a series of <u>alter ego</u> corporate entities which are specifically designed, created and operated so as to hide and obfuscate the deceptive and fraudulent actions of Southwestern Energy.
> . . . .
>
> ***"Southwestern, the Company,"*** has created numerous subsidiary entities each of which is wholly owned, operated and controlled by ***"Southwestern, the Company."*** . . . By using these <u>alter ego</u> subsidiary entities, ***"Southwestern, the Company,"*** is able to "sell services to itself". . . .

---

[21]Doc. No. 78.

[22]Doc. No. 82.

[23]*Id* (emphasis in original).

> . . . .
>
> As related above, ***"Southwestern, the Company,"*** has created numerous subsidiary entities which are in effect the <u>alter ego's</u> of ***"Southwestern, the Company,"*** through which it carries out its profit making activities. Among those are the following: DeSoto Gathering Company, L.L.C.; Southwestern Midstream Services Company; and SEECO. At issue in this lawsuit are the activities related to gathering, treating, compressing, and marketing shale gas from the Fayetteville Shale.
>
> . . . .
>
> [T]he Defendant has created a number of <u>alter ego</u> entities through which it charges and receives fees from mineral owners including your Plaintiffs, for services in gathering and in preparing the gas for sale. Through this scheme of self dealing, ***"Southwestern, the Company"*** generates profits by "selling" compression and gathering services to itself. In effect, ***"Southwestern, the Company"*** through its wholly owned and controlled <u>alter ego</u> subsidiary companies, is selling services to itself, thus boosting ***its*** profits at the expense of mineral owners who are forced to pay "costs" which are not incurred by the Defendant nor any of its subsidiary entities.[24]

Surely the words Plaintiffs chose to make their claims was deliberate. So, it is difficult to ascertain how the statements in the Amended Complaint and the Response can be read consistently.

It appears to me that Plaintiffs allege that Southwestern's subsidiaries are alter egos of one Southwestern and the relief they request is from the actions of, not only Southwestern, but also its subsidiaries. Since both sides purport to agree that the alter-ego or veil-piercing theories are irrelevant in determining diversity, I will not address the issue further.[25]

Assuming now, that the law recognizes Southwestern, SEECO, and DeSoto Gathering as separate and distinct entities, the issue is whether this action can proceed in the absence of SEECO and DeSoto Gathering.

---

[24]*Id* (italicized emphasis in original; underline emphasis added).

[25]I note, however, that if Southwestern and its subsidiaries are considered one entity for diversity purposes, jurisdiction would still be lacking because Southwestern would also be considered a citizen of the State of Arkansas by virtue of the citizenship of SEECO and DeSoto Gathering. See *Barnett v. Borg-Warner Acceptance Corp.*, 488 F.Supp. 786 (E.D. Ark. 1980).

B.  **Necessary Parties**

Federal Rule of Civil Procedure 19(b) provides a court with the equitable power to dismiss an action if a necessary party cannot be joined.[26]  Dismissal is appropriate under Rule 19(b) if: (1) a nonparty is "necessary"; (2) the nonparty cannot be joined; and (3) the action cannot continue in equity and good conscience without the nonparty.[27]

A "necessary party" is one whose absence prevents complete relief from being afford among the those already parties to the suit, or one who claims an interest in the subject of the action and is so situated that disposition in its absence could (1) as a practical matter impair or impede the person's ability to protect that interest or (2) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.[28]

1.  **Whether SEECO is a Necessary Party**

SEECO claims an interest in the subject of the action.[29]  According to SEECO, because it is the sole owner of Plaintiffs' oil-and-gas leases, the lessee under the leases with responsibility for making royalty payments, and the operator of natural gas wells and other assets related to the leased interests, it is a necessary party to this case.[30]  Even if SEECO had not attempted to intervene, it is clear from the leases that it has an interest in this action.  Plaintiffs leased their oil-and-gas rights to SEECO, and SEECO is the only party named as lessee.[31]  Although the

---

[26]*Spirit Lake Tribe v. North Dakota*, 262 F.3d 732, 746 (8th Cir. 2001).

[27]*U.S. ex rel. Steele v. Turn Key Gaming, Inc.*, 135 F.3d 1249, 1251 (8th Cir. 1998).

[28]See Fed. R. Civ. P. 19(b).

[29]Doc. No. 47.

[30]Doc. No. 48.

[31]Doc. No. 43, Ex. 1, 2.

Amended Complaint does not specifically mention the leases, Plaintiffs' unjust enrichment claims are based on royalty calculations and payments made under the leases.

Further, disposition of this case without SEECO could impair or impede its ability to protect its interest in the leases. If Plaintiffs prevailed on their unjust enrichment claims, SEECO, as the party responsible for paying Plaintiffs' royalties, would be forced to answer to Plaintiffs for the underpayment. Accordingly, SEECO is a necessary party to this action. Because joinder of SEECO destroys diversity, Plaintiffs' unjust enrichment claims must be dismissed.

### 2.     DeSoto Gathering is a Necessary Party to Plaintiffs' Tort Claims

Plaintiffs' remaining tort-law claims all arise from the operation of the Puma North Compressor Station.[32] The Warranty Deed establishes that Desoto Gathering is the record owner of the real property where the Puma North Compressor Station is located.[33] Plaintiffs do not dispute this fact. Southwestern also contends that Desoto Gathering operates the compressor station. Plaintiffs disagree and allege that Southwestern is the true operator. In support of their position, Plaintiffs submitted five sealed exhibits to show that Southwestern is the operator of the Puma North and the party responsible for paying Plaintiffs' royalties. The exhibits, however, do not provide appreciable support for Plaintiffs' position. The exhibits reveal that DeSoto Gathering was in charge of -- or at least played a major role in -- the Puma North's operations.

Plaintiffs also point to a statement from Southwestern's corporate website for support. It reads: "SWN Midstream Company Subsidiary **DeSoto Gathering Company** operates one of the largest gathering systems in the U.S., ***providing gathering, treating and compression services*** to

---

[32]Doc. No. 74.

[33]Doc. No. 61, Ex. 1.

SWN [Southwestern Energy Company] and non-affiliated producers in the Fayetteville Shale area of Arkansas."[34] If anything, this statement appears to contradict Plaintiffs' position.

In sum, I believe the record before me supports a finding that DeSoto Gathering's interest in the Puma North Compressor Station prevents this case from proceeding in its absence. Accordingly, I find that DeSoto Gathering is a necessary party to the tort claims -- and because it is nondiverse, Plaintiffs' tort-based claims also must be dismissed.

    C.    **SEECO's Intervention**

Lastly, Plaintiffs assert that jurisdiction would still exist under 28 U.S.C. § 1367 if SEECO is permitted to intervene.[35]

The plain language of § 1367 permits the exercise of supplemental jurisdiction over a nondiverse defendant-intervenor under Rule 24. Supplemental jurisdiction, however, is only appropriate if the nondiverse defendant-intervenor is not a necessary party under Rule 19.[36] In other words, the intervention of an indispensable, nondiverse defendant destroys diversity because, if it were otherwise, a plaintiff could sue only diverse defendants and wait for the nondiverse defendants to be impleaded or joined.[37] Because I have determined that SEECO is a necessary party to this action under Rule 19, jurisdiction would be lacking if SEECO was permitted to intervene.

---

[34] Doc. No. 74 (emphasis in original).

[35] Doc. No. 82.

[36] See *BancoprSouth Bank*, 706 F.3d at 893-94; see also *In re Olympic Mills Corp.*, 477 F.3d 1, 12 (1st Cir. 2007); *Mattel v. Bryant*, 446 F.3d 1011, 1014 (9th Cir. 2006); *Dev. Fin. Corp. v. Alpha Housing & Health Care, Inc.*, 54 F.3d 156, 160 (3d Cir. 1995).

[37] See *Pennsylvania Nat. Mut. Cas. Ins. Co. v. Perlberg*, 268 F.R.D. 218, 221 (D. Md. 2010).

9

**CONCLUSION**

Being fully advised in the premises, I find that Plaintiffs have failed to join necessary parties as defined by Federal Rule of Civil Procedure 19.  Because these parties are nondiverse and cannot be joined, this action cannot proceed in their absence.  Accordingly, Southwestern's Motion to Dismiss is GRANTED and this case is DISMISSED without prejudice.  All other pending motions are DENIED as MOOT.

IT IS SO ORDERED this 13th day of May, 2013.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE